ANTHONY VALENTINE, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 67, 2009
Supreme Court of Delaware.
Submitted: July 17, 2009.
Decided: August 7, 2009.
Before STEELE, Chief Justice, HOLLAND, and RIDGELY, Justices.

ORDER
MYRON T. STEELE, Chief Justice
This 7th day of August 2009, upon consideration of the appellant's Supreme Court Rule 26(c) brief, his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) A Superior Court jury convicted the defendant-appellant, Anthony Valentine (Valentine), of two counts of first degree robbery, two counts of possession of a deadly weapon during the commission of a felony, possession of a deadly weapon by a person prohibited, second degree assault, and second degree conspiracy. The Superior Court sentenced Valentine to a total period of twenty-five years at Level V imprisonment, to be suspended after serving twelve years for decreasing levels of supervision. This is Valentine's direct appeal.
(2) Valentine's counsel on appeal has filed a brief and a motion to withdraw pursuant to Rule 26(c). Valentine's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Valentine's attorney informed him of the provisions of Rule 26(c) and provided Valentine with a copy of the motion to withdraw and the accompanying brief. Valentine also was informed of his right to supplement his attorney's presentation. Valentine has not raised any issues for this Court's consideration. The State has responded to the position taken by Valentine's counsel and has moved to affirm the Superior Court's judgment.
(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[*]
(4) This Court has reviewed the record carefully and has concluded that Valentine's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Valentine's counsel has made a conscientious effort to examine the record and the law and has properly determined that Valentine could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
The motion to withdraw is moot.
NOTES
[*] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).